**FILED**
**Mar 13, 2019**
**01:53 PM(ET)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **FRED TRAVIS, III,** ) | **Docket No. 2018-03-0237** |
| **Employee,** ) | |
| **v.** ) | |
| **CARTER EXPRESS, INC.,** ) | **State File No. 14934-2018** |
| **Employer,** ) | |
| **And** ) | |
| **PROTECTIVE INSURANCE** ) | **Judge Pamela B. Johnson** |
| **COMPANY,** ) | |
| **Carrier.** ) | |

---

## REMAND EXPEDITED HEARING ORDER GRANTING ATTORNEY'S FEES UNDER TENNESSEE CODE ANNOTATED SECTION 50-6-226(d)(1)(B)

---

This matter came before the Court on February 28, 2019, on remand from the Workers' Compensation Appeals Board. Following an Expedited Hearing, this Court concluded that Mr. Travis was entitled to recover attorney's fees under Tennessee Code Annotated section 50-6-226(d)(1)(b) (2018). Carter appealed, and the Workers' Compensation Appeals Board vacated the award of attorney's fees and remanded the case for consideration of this issue within the framework in *Thompson v. Comcast Corp.* The Court grants Mr. Travis's request.

### History of Claim

The relevant facts are contained in the Expedited Hearing Order[1] and Appeals Board Opinion[2] and are incorporated as if set forth below. For context, Mr. Travis, a Tennessee resident, injured his right shoulder while working for Carter. He testified that he first injured his left shoulder on the evening of November 2, 2017, while cranking the tractor's landing gear. At his first delivery stop on the morning of November 3, he experienced a sharp pain in his right shoulder when he pushed on the trailer's swing doors and while

---

[1] *Travis v. Carter Express, Inc.*, No. 2018-03-0237, 2018 TN Wrk. Comp. LEXIS ____ (Sept. 6, 2018).

[2] *Travis v. Carter Express, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 67 (Dec. 21, 2018).

strapping/unstrapping the cargo. At the next stop, he felt increased pain with pinning the swing door back and while climbing into the tractor.

The next day, Mr. Travis informed his driver manager that he hurt his shoulder at work and needed medical treatment.[3] That same day, he went to Fast Pace Urgent Care Clinic and stated that he was "not sure what he has done, yesterday notice[d] tightness in [right] shoulder." He reported that he drove an eighteen-wheeler and related his complaints to getting in and out of the truck or loading it. In his injury report, he noted his injury occurred on November 3 at 10:00 a.m. and caused by "normal job duty" such as "climbing into truck or trailer," "entering or exiting truck or trailer," or "tightening straps."[4]

He ultimately came under the care of Dr. Sean Grace, who noted, "[D]uring the course of his work as a truck driver he was lifting the trailer door in the back and felt sharp pain his upper arm and shoulder area." Dr. Grace recommended an MR arthrogram, but Carter denied the claim before it was administered. Despite Carter's denial of treatment, Mr. Travis returned to Dr. Grace, who confirmed that his right-shoulder injury was directly related to the work incident and indicated he would likely benefit from surgery.

Carter denied Mr. Travis's claim, arguing his description of injury varied between his injury reports, medical records, affidavit, and testimony. It also asserted that Tennessee has no jurisdiction, introducing an agreement signed by Mr. Travis at the time of hire in which he agreed that all claims would be governed by the Indiana Workers' Compensation Act.

In its Expedited Hearing Order, the Court held Mr. Travis presented sufficient evidence that he would likely to prevail at a hearing on the merits in proving that:

---

[3] Carter filed Mr. Travis's claim with the Workers' Compensation Board of Indiana. It gave notice to Indiana of its inability to determine liability and requested additional time on two separate occasions. On November 17, 2017, Carter noted it was "trying to determine compensability, claimant does not know how he strained his shoulder." On December 4, 2017, Carter explained it was "REQUESTING MEDICAL INFORMATION FROM THE PROVIDER SO WE CAN DETERMINE COMPENSABILITY." (Emphasis in original).

[4] The parties introduced three reports of injury. The Indiana First Report of Employee Injury, prepared by Carter Safety Director Rick Wisener, noted a November 3, 2017 injury date at 10:00 a.m. and an unknown cause of injury to the right shoulder. The IAIBC First Report of Injury, prepared by Claims Adjuster Amy Miller, noted a November 3, 2017 injury date at 10:00 a.m. and indicated, "CLMT WAS EITHER ENTERING AND EXITING TRUCK AN SPRAINED RIGHT SHOULDER. UNKN DETAILS." (Emphasis in original). The Employee's Report of Injury, prepared by Mr. Travis, also noted a November 3, 2017 injury date at 10:00 a.m. and indicated injury caused by "normal job duty" while he was "climbing into truck or trailer," or "entering or exiting truck or trailer, or tightening straps."

1) Carter's forum-selection clause was unenforceable and he was entitled to seek benefits under Tennessee law.
2) He suffered an injury caused by a specific incident, or set of incidents, identifiable by time and place of occurrence.
3) His injury arose primarily out of and in the course and scope of his employment and caused the need for medical treatment.
4) He is entitled to medical and temporary partial disability benefits.
5) Carter wrongfully failed to timely initiate benefits that it owed, and its failure to timely initiate benefits justified an award of attorney's fees and costs at this interlocutory stage under section 50-6-226(d)(b)(1).

On appeal, the Appeals Board affirmed this Court's conclusions on all counts except as to the award of attorney's fees and costs. The Appeals Board concluded this Court failed to consider whether this case falls within the limited circumstances supporting an award of attorneys' fees and costs at an interlocutory stage. It therefore vacated that part of the Expedited Hearing Order and remanded for further consideration.

On remand, the parties appeared before the Court on January 4, 2019. Upon their agreement, the Court set Mr. Travis' deadline to file his fee petition and brief on January 25, Carter's deadline to file its responsive brief on February 22, and the hearing date on February 28. Before the deadline to file and again during the hearing, Carter moved for a continuance, which the Court denied.

*Mr. Travis's Request for Attorney's Fees*

Mr. Travis argued that this is an appropriate case for awarding attorney's fees and costs at the interlocutory stage. Following an Expedited Hearing, this Court ruled that Carter's failure and refusal to timely initiate benefits was incorrect. The Appeals Board affirmed. He asserted this case falls within the extremely limited circumstances identified by the Appeals Board.

Concerning the uncertainties inherent in litigation, Mr. Travis argued no uncertainties exist in this case concerning the Indiana forum-selection clause, as it was not enforceable when signed and that will not change with the passage of time.

Addressing the limited issues typically addressed at Expedited Hearings, section 50-6-239(d)(1) authorizes the Court to determine issues concerning the provision of temporary disability and medical benefits, and section 50-6-226(d)(1)(B) authorizes the Court to award costs and fees on finding that these benefits were owed.

Considering that discovery and medical proof is often incomplete, Mr. Travis submitted proof from Fast Pace and Dr. Grace that substantiated a right-shoulder injury caused by work. Carter focused on Mr. Travis's purported inability to identify a specific

incident, but it ignored section 50-6-102(14), which defines accidental injury as one caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment. These findings are unlikely to change with additional discovery or medical proof.

Regarding the standard of proof, Mr. Travis asserted Carter denied his claim on an election of remedies/forum-selection clause and inability to identify a specific incident, ignoring that he reported a set of incidents. The Court's findings on these issues were based on an interpretation of the law, not on how changing facts could apply to the law.

Finally, analyzing the Court's ability to make different determinations at a Compensation Hearing, Mr. Travis argued that the Court's and Appeals Board's opinions on compensability were based on an interpretation of the law and the law is unlikely to change between the Expedited and Compensation Hearings.

Mr. Travis argued that the Court should give meaning to section 50-6-226(d)(1)(B) by awarding costs and fees. To deny his request will encourage Carter to continue to erroneously, incorrectly, and inconsistently fail to timely initiate benefits and further limits attorney involvement on behalf of injured employees.

Mr. Travis's attorney, Brad C. Burnette, submitted an affidavit addressing his experience, the time required and work involved, and nature of the fee arrangement with Mr. Travis. Attorney Burnette asserted he entered into a contingency fee agreement with Mr. Travis and charged an hourly fee under section 50-6-226(d)(1)(B) of $350 for himself and $90 for his paralegal. Attorney Burnette submitted detailed fee entries totaling 78.10 in attorney hours and 10.10 in paralegal time, for a total of $28,244.

Mr. Travis also submitted the affidavit of Attorney Jonathan Doolan, who stated, within a reasonable degree of professional certainty, that the time dedicated by Attorney Burnette was reasonable, necessary, within the common and customary practice of competent attorneys practicing in workers' compensation, and consistent with the Supreme Court Rules regarding fees.

Carter opposed Mr. Travis's fee petition on grounds that its failure to initiate benefits was not erroneous, incorrect, or otherwise inconsistent with the law or facts at the time the decision was made. Carter argued that Mr. Travis repeatedly indicated uncertainty in what caused his alleged injury and failed to identify a specific incident, or set of incidents, identifiable by time and place of occurrence. Carter further argued that Dr. Grace based his causation opinion on an unreported description of injury. It also argued that Indiana law governed this claim. It concluded that its failure to initiate benefits was reasonable.

4

Carter further asserted that an award of attorney's fees is premature, given that medical treatment remains incomplete. It argued that diagnostic testing has not been completed and Mr. Travis "may have a SLAP tear or rotator cuff tear or he may have a non-work-related tumor, or some other non-work-related condition." It asserted that considering attorney's fees before a confirmed diagnosis is premature and presents a great risk to employers. It asked the Court to deny the request, or in the alternative to delay its decision until the case is more fully developed.

Finally, although Carter offered no specific objections to the Attorney Burnette's affidavit and fee entries, it asked the Court to limit the fees to a reasonable hourly rate and reasonable time.

### Findings of Fact and Conclusion of Law

The General Assembly amended the Workers' Compensation Law in 2016 to authorize trial courts to award attorneys' fees and costs under section 50-6-226(d)(1)(B) when an employer wrongfully denies benefits or fails to timely provide benefits.

The 2016 version of this subsection provided in part:

[T]he court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs . . . when the employer:

. . .

*Wrongfully denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits* to which the employee is entitled under this chapter, including medical benefits under § 50-6-204 or temporary or permanent disability benefits under § 50-6-207, if the workers' compensation judge makes a finding that such benefits were owed at an expedited hearing or compensation hearing.

(Emphasis added). The 2016 amendment to subdivision (d)(1)(B) applied to injuries occurring on or after July 1, 2016.

In *Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *26 (Jan. 30, 2018), the Appeals Board determined that the word "wrongfully" as used in the statute above applied only to the denial of a claim but not to the failure to timely initiate benefits.

In 2018, the Generally Assembly revised this subsection, which now reads:

In addition to attorneys' fees provided for in this section, the court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs . . . when the employer:

5

. . .

*Wrongfully denies a claim or wrongfully fails to timely initiate any of the benefits* to which the employee or dependent is entitled under this chapter, including medical benefits under § 50-6-204, temporary or permanent disability benefits under § 50-6-207, or death benefits under § 50-6-210 if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing. *For purposes of this subdivision (d)(1)(B), "wrongfully" means erroneous, incorrect, or otherwise inconsistent with the law or facts.*

(Emphasis added).

In *Andrews v. Yates Services, LLC*, 2018 TN Wrk. Comp. App. Bd. LEXIS 22, at *8-9 (May 8, 2018), the Appeals Board noted that the recently-enacted amendment applied only to injuries occurring on or after April 18, 2018.

While the 2018 version is not applicable to the present case–Mr. Travis's injury date is November 2-3, 2017–the 2018 version is informative. In *Yates*, the Appeals Board found the 2018 version instructive when determining the definition of "wrongfully denies" as used in the 2016 version of section 50-6-226(d)(1)(B). *Id.* at *9. The Appeals Board concluded that "wrongfully denies" in the earlier version requires a finding that an employer's denial was erroneous, incorrect, or otherwise inconsistent with the law or facts to support a claim for reasonable attorneys' fees and expenses at the time the decision was made. *Id.* at *10, 13. However, the Appeals Board cautioned, "[A] decision to award attorneys' fees and expenses at an interlocutory state of a case should be made only in extremely limited circumstances." *See Thompson*, at *28-29.

Here, using the 2016 version, the Court must determine whether, at the time the decision was made, Carter "wrongfully denie[d] a claim by filing a timely notice of denial, or fail[ed] to timely initiate any of the benefits to which [Mr. Travis] is entitled under this chapter, including medical benefits under § 50-6-204." Carter gave notice to Indiana of its inability to determine liability and requested additional time on two separate occasions and noted it was "trying to determine compensability." However, there is no evidence that Carter filed a notice of denial under either Indiana or Tennessee law, so the first part of section 50-6-226(d)(1)(B) is inapplicable.

The Court is therefore left with determining whether, at the time the decision was made, Carter failed to timely initiate any of the benefits to which Mr. Travis was entitled. The Court considers the information available to Carter at the time it failed to provide medical and temporary disability benefits. The Court holds that Carter's failure to timely initiate benefits was incorrect, erroneous, and inconsistent with the law or facts for several reasons.

6

First, section 50-6-114 states no contract or agreement shall in any manner operate to relieve any employer of any obligation created by the Tennessee Workers' Compensation Law. The forum-selection clause, standing on its own, was therefore void from the outset.

Second, even if the forum-selection clause were enforceable, Mr. Travis did not make an election of remedies to recover under Indiana law. Signing the agreement at the time of hire was a condition of employment. After his work injury, he neither actively pursued nor knowingly or voluntarily received benefits under Indiana law.

Third, Mr. Travis timely reported a work injury, but Carter failed to timely initiate treatment without sufficient reason. Ms. Riley suggested he seek treatment at an urgent-care clinic, which he did. Fast Pace referred Mr. Travis to an orthopedic physician, who determined that his right-shoulder injury was directly related to the work incident. However, Carter failed to authorize care at Fast Pace or with Dr. Grace, nor did it provide a panel of physicians. Carter offered no countervailing testimony to refute Mr. Travis's testimony or Dr. Grace's opinions.

Fourth, Mr. Travis unequivocally testified that he provided his restrictions to Ms. Riley, and Carter failed to accommodate his restrictions or return him to work. Thus, the Court finds Carter wrongfully failed to timely initiate medical and temporary disability benefits that it owed.

The Court must now address whether this case falls within the "extremely limited circumstances" under *Thompson*. In *Thompson*, the Appeals Board cautioned trial courts to consider:

> The uncertainties inherent in litigation, the limited issues typically addressed at expedited hearing, the fact that discovery and medical proof often incomplete at an interlocutory stage of a case, the standard of proof that applies at expedited hearings, and the fact that a trial judge's determination at an interlocutory hearing are subject to change at any time prior to the entry of a final compensation hearing order.

*Id.* at *26. The Appeals Board affirmed the award of attorney's fees in *Thompson* because the employer declined to authorize treatment based solely on its own interpretation of the medical records and without seeking an expert opinion to support its denial.

Considering the *Thompson* factors, the Court concludes Carter's failure to timely initiate benefits justifies an award of attorney's fees and costs at this interlocutory stage and in these extremely limited circumstances. Here, just as in *Thompson*, Carter declined to authorize treatment or provide temporary disability benefits based on its own

7

interpretation that Mr. Travis's reports of injury were inconsistent and without seeking an expert opinion to rebut Dr. Grace's causation opinion and support its denial.

Mr. Travis and the medical records consistently demonstrated that he injured his right shoulder at work. Carter offered no evidence to rebut Mr. Travis's description of his injury. Mr. Travis credibly offered reasonable explanations for any inconsistencies in the medical records or his injury report. Carter also did not offer any expert medical opinion to support its refusal to authorize medical treatment despite receiving timely notice of an injury and its driver manager instructing Mr. Travis to seek medical attention.

Carter also failed to initiate benefits under Tennessee law claiming Indiana law governed. Moreover, Carter did not provide benefits under Indiana law. The forum-selection clause was not enforceable when it was signed, and this Court, affirmed by the Appeals Board, concluded that Tennessee has jurisdiction.

Instead, Carter delayed took steps at every stage to delay Mr. Travis's claim. Twice, it sought extensions under Indiana law to provide benefits, and twice it was denied. Despite no evidence to rebut Mr. Travis's testimony or Dr. Grace's causation opinion, Carter continued to deny the claim and failed to initiate benefits, forcing Mr. Travis to file a Petition for Benefit Determination and Request for Expedited Hearing. Even after agreeing to the deadlines regarding the fee petition, Carter twice sought extensions from this Court seeking additional delay.

As the Appeals Board noted, uncertainties exist in litigation. Issues at an Expedited Hearing often differ from those at a Compensation Hearing, and different burdens of proof apply. However, while discovery and medical proof continue to develop after an Expedited Hearing, an employer cannot be allowed to deny benefits and delay recovery without cause, relying solely only upon its own interpretation of the employee's description of injury and medical records. Additional discovery and medical proof, a higher burden of proof, and the passage of time will not change the fact that Carter's failure to initiate benefits was erroneous, incorrect, and inconsistent with the law and facts at the time the decision was made.

The Workers' Compensation Law requires an employer to provide an injured employee with medical treatment upon timely notice of a work injury. When an employer fails to timely initiate the benefits to which the employee is entitled, the General Assembly has determined that an employer may be held liable for the injured employee's attorney's fees following an Expedited Hearing. The General Assembly made no change to the attorney's fees provision when it revised section 50-6-226(d)(1)(B) in 2018. The purpose of the statute is defeated if an injured employee must wait until a Compensation Hearing to recover attorney's fees incurred for recovering temporary disability and medical benefits. Accordingly, the Court concludes Mr. Travis

8

is entitled to recover attorney's fees and costs under section 50-6-226(d)(b)(1) at this interlocutory stage and in these extremely limited circumstances.

Next, the Court must determine whether Mr. Travis's attorney's fees are reasonable, considering the factors in Tennessee Supreme Court Rules 8, Rules of Professional Conduct 1.5(a).

Mr. Travis's attorney attested that the time, labor, and skill required to prepare and try this matter are supported by the time entries. He argued that, through his representation, Mr. Travis was finally paid back temporary disability benefits that he was owed, and Carter paid his outstanding medical bills related to his limited treatment. The time required with these efforts was significant and precluded or delayed other work available. Further, he and his staff are experienced in workers' compensation. Attorney Doolan's affidavit provides that the time dedicated by Attorney Burnette was reasonable, necessary, within the common and customary practice of competent attorneys practicing in workers' compensation, and consistent with the Supreme Court Rules regarding fees.

Other than Carter's counsel's argument, it offered no countervailing evidence to support its contention that Mr. Travis's fees were unreasonable under the Rules of Professional Conduct.

Therefore, considering the affidavits of Attorneys Burnette and Doolan, the detailed fee entries, and the claim as a whole, the Court concludes Mr. Travis demonstrated by a preponderance of the evidence that his attorney's fee is reasonable. Thus, he shall receive fees totaling $28,244 under subsection 226(d)(1)(B).

Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

**It is so ORDERED.**

**ENTERED March 13, 2019.**

_____
**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**
**APPENDIX**

9

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Additional Issues, Objections, and/or Defenses submitted by Employee
4. Additional Issues, Objections, and/or Defenses submitted by Employer
5. Request for Expedited Hearing
6. Affidavit of Fred Travis, III
7. Notice of Objection to Expedited Hearing on the Record
8. Employer's Response to Request for Expedited Hearing
9. Expedited Hearing Order
10. Expedited Hearing Transcript
11. WCAB Opinion
12. Order Setting Deadlines to File Briefs and Oral Argument
13. Employee's Brief Supporting Request for Attorney's Fees and Affidavits of Attorneys Burnette and Doolan
14. Employer's Motion to Compel and for Continue
15. Employee's Response to Motion to Compel and for Continue
16. Order Denying Motion to Continue
17. Employer's Brief on the Attorney Fee Issue

Exhibits:

1. Affidavit of Fred Travis, III
2. Indiana Workers' Compensation First Report of Work Injury
3. IAIABC Release 1 First Report of Injury Form
4. Third Coast Underwriters Employee's Report of Injury
5. Notice of Inability to Determine Liability/Request for Additional Time – filed November 20, 2017 – Rejected
6. Notice of Inability to Determine Liability/Request for Additional Time – filed December 4, 2017
7. Agreement as to Jurisdiction and Notice as to Indiana Workers' Compensation Law
8. GPS Log of November 2-3, 2017
9. Cellular Phone Record of Injury Report, dated November 4, 2017
10. Weather History for November 3, 2017
11. Medical Records of Fast Pace Medical Clinic, PLLC
12. Medical Records of Dr. Sean Grace, Tennessee Orthopaedic Clinic
13. Medical Expense of DJO Global
14. Affidavit of Brad C. Burnette
15. Detailed Time Entries
16. Affidavit of Jonathan Doolan

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Remand Expedited Hearing Order was sent to the following recipients by the following methods of service on March 13, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Brad C. Burnette, Employee's Attorney | | | X | bradburnette@foxandfarleylaw.com |
| J. Allen Brown, Employer's Attorney | | | X | allen@jallenbrownpllc.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

11